**FILED**

February 16, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____SM_____
DEPUTY

In The United States District Court
For The Western District of Texas
Waco Division

LAWRENCE Edward Thompson,
        Plaintiff,

V.                                          Civil Action No. 6:93-cv-47

Emmett Solomon,
Vance L. Drum, Gary L. Redwine,
and Ademiyan A. Fadeyan,
        Defendants.

## Motion For Finding of Contempt

To The Honorable Judge of Said Court:

Comes Now Lawrence Edward Thompson, Plaintiff, Pro-Se, in the Above-Entitled and Numbered civil Action, And Pursuant to Rule 7(e), Fed. R. Civ. P., and files this Motion For Finding of Contempt, and would show the Court as Follows:

On June 3, 1993, the Court of Appeals issued its opinion in Thompson v. Solomon, 995 F.2d 221, 1993 U.S. App. LEXIS 15795 (5th Cir. 1993) holding that TDCJ violated Plaintiff's Rights to FREELY EXERCISE his Religious Beliefs By not Accommodating Plaintiff's Right to celebrate Ramadan in December And Remanded this civil Action Back to this Court For Further Proceedings. Plaintiff was NEVER informed of what, if Anything, this Court did on Remand. Plaintiff was NEVER A Party To Any of The Further Proceedings, Nor did Plaintiff Receive Any Mail From

This Court concerning this civil Action. Plaintiff has never Been Afforded the Right to celebrate or Afforded the Right to Be Accomadated to celebrate Ramadan in December By TDCJ Officials.

Vann L. Druw, is the Director of Chaplaincy At Preceeds Emmett Solomon As the Defendant in this Action. Gary L. Redwine is the Head chaplain At the Allred Unit. Alemayohu A. Fantahun is the Orthodox Islamic Chaplain At the Allred Unit.

1. On May 10, 2021, Plaintiff was informed that Plaintiff's Parole was Revoked. A Few days later, Plaintiff wrote TDCJ Classification And Records informing them that Plaintiff was Returning to Prison, that Plaintiff was still A Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad. Plaintiff Requested to be assigned to the Goree Unit where Darius Duron Elam #380190 had Established A community of Believers. Plaintiff NEVER RECEIVED a Response to this letter

2. On May 27, 2021, Plaintiff was transferred From the custody of the Harris County Sheriff's Office to the Texas Department of Criminal Justice - Correctional Institutions Division At the Holliday Unit.

3. Between May 31, 2021, And June 4, 2021, Plaintiff wrote Senior Warden Brian Smith And The Holliday Unit Chaplain to inform them That Plaintiff was A Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad, And Requested To Be transferred to the Goree Unit where Darius Duron Elam #380190 had Established A community of Believers. Plaintiff At No time Requested That his Religious Preference Be changed.

4. On July 1, 2021, Plaintiff went to Unit Classification on the Holliday Unit. When Plaintiff went Before T. Oliphant she informed Plaintiff he was Being Assigned to the Holliday Unit. Plaintiff then informed T. Oliphant that Plaintiff was A Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad, And would like To Be transferred To the Goree Unit Because of Plaintiff's Religious Beliefs. T. Oliphant informed Plaintiff she was Not the Person to talk to About a transfer.

5. On July 2, 2021, Plaintiff wrote Senior Warden Brian Smith to inform him That Plaintiff was A Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad, And would like to Be Transferred to the Goree Unit For Plaintiff's Religious Beliefs.

6. In late July 2021, Plaintiff submitted a Request to Officer S. Reece, Law Library Supervisor, Holliday Unit Requesting to be allowed to correspond with Darius Duran Elam-#380190, then on the Goree Unit about a civil action Plaintiff was led to believe Mr. Elam filed concerning the Religious Freedom of inmates in TDCJ that are Members of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad.

7. On August 19, 2021, Officer S. Reece came to Plaintiff's cell on the Holliday Unit and asked Plaintiff if Plaintiff had the Phone Number of the U.S. District Clerk's Office in Houston, Texas. Officer Reece further stated she could not find this Phone Number on the U.S. District Court's website. Plaintiff looked through Plaintiff's legal papers but was unable to find the Phone Number to the Clerk's Office because of Officer Reece Rushing Plaintiff. Plaintiff then informed Officer Reece that he would find the Phone Number and sent it to her the Next Day. Officer Reece that she had to check to see if Darius Duran Elam's case was current so she could inform Warden Smith.

8. On August 20, 2021, Plaintiff sent Officer Reece a Request with the Phone Number of the U.S. District Court Clerk's Office Phone Number on it. To this day (January 27, 2023) Plaintiff has Never Received a Response from Officer Reece about Plaintiff's Request to correspond with Darius Duran Elam-#380190.

9. On August 26, 2021, Plaintiff was transferred from the Holliday Unit in Huntsville, Texas to the Allred Unit in Iowa Park, Texas.

10. It is Plaintiff's Good Faith Belief that Senior Warden Brian Smith changed Plaintiff's Religious Preference intentionally to keep from transferring Plaintiff to the Unit during Duran Elmiae was assigned to or had one of his subordinates change Plaintiff's Religious Preference in Retaliation for Plaintiff complaining to the Prison Rape Elimination Act office about Plaintiff's treatment on the Holliday Unit.

11. On August 30, 2021, Plaintiff wrote Senior Warden Jimmy S. Smith, Allred Unit to inform him that Plaintiff was a Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Elias Muhammad, And Requested to Be transferred to the Goree Unit Because of Plaintiff's Religious Beliefs. Plaintiff NEVER Received a Response to this Request.

12. On August 30, 2021, Plaintiff wrote Islamic Chaplin Ademiyaju A. Fadeyan to inform him that Plaintiff was a Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Elias Muhammad, And Requested a transfer to the Goree Unit Because of his Religious Beliefs. A few days later this Request was answered by a Christian Chaplin named John L. Dooley stating: "Laid-in for Inmate-

12. "Write Classification Regarding Transfer to Goree Unit or Ask Major Washington.

13. On August 30, 2021, Plaintiff wrote Glenda J. Adams, Law Library Supervisor, Allred Unit to Request Permission to correspond with Darius Duran Elam #380190 About a civil action Plaintiff was led to Believe Mr. Elam had filed on Behalf of inmates that were members of or who Believe in the teachings of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad. In all Plaintiff submitted six (6) much Requests to Glenda J. Adams and have NEVER Received a Response.

14. On September 6, 2021, Plaintiff submitted a Request to Major Timothy R. Washington informing him that Plaintiff is a Register Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad, and Requested a transfer to the Goree Unit Because of Plaintiff's Religious Beliefs. Plaintiff NEVER Received a Response to this Request.

15. On September 8, 2021, Plaintiff was Moved from Transient Status (ITR-05) to General Population (18U-16).

16. On September 10, 2021, Plaintiff submitted a Request to Chaplin John L. Dooley stating: "Do not lay me in for participation in any orthodox Islamic services because I do not participate. I am a member of the Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad.

17. On September 16, 2021, Plaintiff wrote Glenda J. Adams, Law Library Supervisor and Senior Warden Jimmy G. Smith to Request to Be Allowed to correspond with Darius Diron Elam #380190 About a Civil Rights Action Plaintiff was led to Believe Mr. Elam filed concerning the Religious freedom of the inmates in TDCJ that are members of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad. Later that same day, while Plaintiff was in the Law Library, Plaintiff heard Glenda J. Adams angrily explaining to someone why she did not process Plaintiff's Request. Plaintiff never received a Response from either individual.

18. On September 16, 2021, Plaintiff Received the Request Plaintiff submitted to Chaplin John L. Dooley on September 10, 2021, stating: "Removed".

19. On September 21, 2021, Plaintiff submitted a Request to Islamic Chaplin Ademuyan Tu A. Fadeyau stating: "I am a Registered Member of The Lost-Found

7

19. Nation of Islam under the direction of The Honorable Silis Muhammad, Our sect observes Ramadan in the Month of December. I would Appreciate You Making Arrangements to Accomodate Me during this time. Please contact Chaplin Akbar Shabazz About this Matter. See Also, Thompson v. Solomon, 995 F2d 221 (5th Cir 1993).

20. On September 22, 2021, Islamic Chaplin Fadeyan responded to Plaintiff's Request dated September 21, 2021, stating: "Request Denied, Based on "travel card" that You changed on 6/4/21 Your faith show "Muslim". Your Request Must Match your Travel card faith Preference." Plaintiff Received this Response on September 24, 2021.

21. On September 27, 2021, Plaintiff wrote Islamic Chaplin Fadeyan stating: "I don't know what you're talking About!!! I have Been A Registered Member of The Lost-found Nation of Islam under the direction of The Honorable Silis Muhammad since 1987. I have not changed My Religious Beliefs in June of this Year 2021. As I advised You, You need to call Akbar Shabazz. I'm the same inmate that Filed Thompson v. Solomon, in 1993. Call me out and I will show You the opinion with My Name on it. This so-called change was done by the Holliday Unit officials to keep from Transferring Me to the Goree Unit. I have over 35 Years in this system."

8

22. On September 27, 2021, Plaintiff wrote Vance L. Drum, TDCJ Chaplaincy Department about Plaintiff's Religious Preference being illegally changed without Plaintiff's Knowledge; Plaintiff Being denied a transfer to the Goree Unit; Being denied Accomodation By the Allred Unit chaplin For Ramadan in December; And About the Opinion in. Thompson V. Solomon, 995 F. 2d 221, 1993 U. S. App. LEXIS 15795 (5th Cir. 1993).

23. On September 27, 2021, Plaintiff wrote Cris Love, Director, TDCJ Office of Inspector General to Request that an investigation Be conducted into why the documents grant-ing Plaintiff A hardship transfer were Removed From Plaintiff's Classification File, And why Plaintiff's Religious Preference was changed without Plaintiff's Request.

24. On September 29, 2021, Plaintiff wrote Tina S. Vitolo, Classification, Allred Unit stating: "I did not Request or Authorize Anyone to change My Religious Preference on My travel card. I have Been A Registered Member of The Lost-Found Nation of Islam since 1987 (34 yrs) And filed the lawsuit in Thompson v. Solomon, 995 F. 2d 221, 1993 U. S. App. LEXIS 15795 (5th Cir. Tex. 1993). Someone on The Holliday Unit Falsified My travel card To Keep From transferring Me to the Goree Unit. After You Read the case cited Above, You can contact The Head Islamic Chaplin Akbar Shabazz to Verify what I'm saying And that I would never change My Religious

24. PREFERENCE. Please transfer me to the Goree Unit as soon as possible." Tina J. Vitolo Responded the same day stating: "Your Religious PREFERENCE is not on your transport card."

25. On September 29, 2021, Plaintiff wrote Senior Warden Jimmy J. Smith and Chaplin John L. Dooley stating: "I did not request or authorize anyone to change my Religious PREFERENCE on my travel card. I have been a Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad since 1987 (34 years). My Religious PREFERENCE was changed by the officials at the Holliday Unit to keep from transferring me to the Goree Unit. Read Thompson v. Solomon, carefully and Read my Religious PREFERENCE. A new TRAVEL card should Be put in use and the old card held as evidence for OIG." Plaintiff NEVER Received a REPONSE.

26. On October 1, 2021, Plaintiff wrote Chaplin Gary L. Redwine to inform him that Plaintiff did not request or authorize a change in my Religious PREFERENCE. I have been a Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad since 1987 (34 years) and the inmate who Filed the lawsuit Thompson v. Solomon, 995 F.2d 221, 1993 U.S. App. LEXIS 15795 (5th Cir. Tex. 1993). This can Be Verified By checking with the Chaplaincy Dept. in Huntsville. This is more of the foolishness From the Holliday Unit. The TRAVEL card in use for me should

31. On October 7, 2021, Plaintiff Received the October 4, 2021, letter from W.T. Day.

32. On October 11, 2021, Cynthia Lowry, Assistant Director of Religious Services wrote Plaintiff a letter stating: "There is no transfer procedure for Muslim inmates And Your Faith is Muslim on Your travel card And was Not changed But updated when You Returned to Prison."

33. On October 13, 2021, the officer working in 18-Building on the Allred Unit stopped at Plaintiff's cubicle while doing her EVERY thirty (30) Minutes security check And asked the Plaintiff, "How ARE You doing? The Chaplain called And wanted to Know how You ARE Feeling." Plaintiff looked at this officer As if she had Just stepped off a space ship, But did Not Answer her.

34. On October 16, 2021, Plaintiff was Moved out of General Population on the Allred Unit to the High Security Building that the Allred Unit officials call The Extended CellBlock.

35. On October 20, 2021, Plaintiff Received a letter from TDCJ-Office of Inspector General in Response to Plaintiff's September 27, 2021, letter to Cris Love, Director, TDCJ-Office of Inspector General. This letter informed

35. Plaintiff that there would be no OIG investigation conducted concerning the allegations of Plaintiff's September 27, 2021.

36. On October 25, 2021, Plaintiff wrote Tina S. Vitolo, Classification, Allred Unit stating: "Chaplain Redwine changed my Religious Preference on 10/11/21. Will you please transfer me to the Coffee Unit before December 1, 2021, so I can celebrate Ramadan with my Brothers?" Tina S. Vitolo responded the same day stating: "Not at this time."

37. On October 25, 2021, Plaintiff Received the letter from Cynthia Lowry dated October 4, 2021.

38. On October 25, 2021, Plaintiff Received in the mail seven (7) Requests dating from September 27, 2021, to October 8, 2021, Addressed to Chaplains Redwine, Fadelan, and Dooley concerning Plaintiff's Religious Preference.

Chaplain Fadelan's Response to Plaintiff's September 27, 2021, stated: "Request Acknowledged. Your long Years of Been locked up along with your historical law suit case has no Bearing to your Request. Your travel card show "Muslim" 6/4/21. Based on your Request in Regard to Membership of The Lost-Tribe Nation of Islam does not Applied to you. The Chaplain does not need to call to Verify your Religious Affiliation.

13

Plaintiff's Request to Chaplain Redwine dated September 30, 2021, stating: "I did not Request or Authorize a change in Religious Preference on 6-4-21. I have Been a Registered Member of The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad since 1987 (34 yrs) And the inmate who filed the lawsuit in Thompson v. Holomon, 995 F.2d 221, 1993 U.S. App. Lexis 15795 (5th Cir. 1993). This can Be verified By checking with The Chaplains Dept. in Huntsville. This is More of the Foolishness from the Holliday Unit. The travel card in use For Me should Be saved As evidence of a crime and a new one with My correct Religious Preference on it." This Grievement came Back unanswered.

Plaintiff's Request to Chaplain Redwine dated October 1, 2021, stating: "This is to Request that you change My Religious Preference Back to The Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad As it was Before it was Erroneously Changed on 6-4-21. The opinion in Thompson v. Holomon, 995 F.2d 221, 1993 U.S. App. Lexis 15795 (5th Cir. Tex 1993) is Proof of what My Religious Preference is." This Request came Back in the Grouch Answered: "~~Faith changed to Lost Found Nation of Islam 10-~~ H-21. inmate Refused call out to sign change of Faith Preference on 10/11/21 & 10/13/21."

Plaintiff's Request to Warden Jimmy W. Smith dated October 6, 2021, stating: "Please Answer My Request About My

38. Religious Preference and for a transfer". This Request was in this group with an unstated response stating: "Chaplain office - Submit your preference to Chaplains office. Not sure really you have requested a transfer."

Plaintiff's Request to Chaplain Redding dated October 8, 2021, stating: "I am a member of the Lost-Found Nation of Islam under the direction of The Honorable Yilia Muhammad since 1987. Do not lay me in for any Orthodox Islamic Activities Because I do not Participate. You are interfering with Access to the Courts By doing this." This Request was in the group unanswered.

Plaintiff's Request to Chaplain Fede Yaw dated October 8, 2021, stating: "This is to inform you that I need a Holy Quran from your hand. I will not accept it from anyone else." This Request was answered dated October 13, 2021, stating: "Request Acknowledged. The Chaplain called you out on 10/13/21 @ 10:25 But you refused to honor the Request."

Plaintiff's Request to Chaplain Dailey dated September 28, 2021, stating: "I did not Request or Authorize a change of Religious Preference indicated on my travel card of 6-4-21. I have been a Registered member of The Lost-Found Nation of Islam since 1987 (34 yrs) and filed the lawsuit in Thompson v. Johnson, 895 F.2d 221, 1993 U.S. App. LEXIS 15795 (5th Cir. TEX.

38. (993). Head Islamic Chaplain AKBAR SHABAZZ will verify this. The travel card in use for me should be saved for OIG as evidence of a crime and put in use with my correct religious preference on it." This request was answered dated 10-13-21 stating: "CH. Redwine has addressed this issue based on an I-60 you sent him. 10-11-21." This request was in the group returned to Plaintiff on or about October 25, 2021. It is Plaintiff's good faith belief these requests were returned to Plaintiff in a group beyond fifteen (15) days so that Plaintiff could not file a grievance about the responses.

39. On November 8, 2021, Plaintiff wrote Warden Jimmy S. Smith stating: "I would appreciate you responding to my last request asking you to transfer me to the Coffee Unit before December 1, 2021, so that I can celebrate Ramadan with my fellow-believers." This request was answered the same day stating: "Classification you are appropriately housed."

40. On November 29, 2021, Plaintiff wrote Chaplain Fadeyan and the Allred Unit Mailroom requesting the address of The Muhammad Speaks Newspaper. Chaplain Fadeyan never responded to this request but the Mailroom responded the same day stating: "We don't have info on Newspaper or Magazine."

41. On November 29, 2021, Plaintiff wrote Warden Jimmy B. Smith to request that Plaintiff be allowed to correspond with Darius Duran Elam #381190 who was then assigned to the Coffee Unit about a civil rights action. Plaintiff was led to believe Mr. Elam had filed on behalf of inmates in TDCJ who are members of or who believe in the teachings of The Honorable Elijah Muhammad as interpreted by The Honorable Silis Muhammad. This request was never answered or responded to.

42. On November 29, 2021, about 10:30 AM as Plaintiff was returning to Plaintiff's cell from the Law Library, the officer working G-cellblock told Plaintiff that the Chaplain had called for the Plaintiff. Plaintiff went to the cell to put away his legal material, then went to the Searcher's Desk. The officer working the Searcher's Desk in ECB asked the Plaintiff "where was Plaintiff going?" Plaintiff informed this officer "that the officer on G-Pod had sent him to go to the Chaplain's office because the Chaplain called for Plaintiff." This officer then asked the female officer in the control room if she had called for the Plaintiff and she said "No." The officer working the Searcher's Desk then told the Plaintiff to go back to Plaintiff's cell because no one had called him.

43. On November 29, 2021, about 1:30 PM the officer working on G-Pod came to Plaintiff's cell and said something to the Plaintiff about "the Chaplain"

43. And the Plaintiff told this officer to get away from Plaintiff's cell.

44. On November 30, 2021, Plaintiff wrote Chaplain Redwine stating: "I tried to come to your office on 11/24/21 But the officer at the Teacher's Desk in ECB said "No had told him anything and sent Plaintiff back to Plaintiff's cell. Unless it is a family emergency, Please do not call me to come to your office. If we cannot communicate by By I-60 Request Form about anything concerning my Religious Beliefs, then I'll see you in court." The Plaintiff never received a Response or a Return of this Request.

45. On December 6, 2021, Plaintiff Filed Step 1 grievance #2022035706 Alleging that the TDCJ officials on the All-Red 1 Unit was denying Plaintiff the Right to freely exercise his chosen Religious Beliefs by isolating Plaintiff from other members of The Lost-Found Nation of Islam under the direction of the Honorable Silias Muhammad.

46. On December 13, 2021, Plaintiff Filed a Step 1 grievance #2022039607 concerning Chaplain Redwine and the Allred Unit Mailroom's failure to Provide the Plaintiff with the address of Muhammad Speaks Newspaper. The Plaintiff received this grievance Back the same day.

47. On December 15, 2021, Plaintiff Filed a Step 2 grievance #2022039607 About the denial of the address

47. To Muhammad Speaks Newspaper.

48. On December 16, 2021, Plaintiff wrote Michael P. Roberts who was the A'Red Unit Mailroom Supervisor, to inform him that the address of Muhammad Speaks Newspaper can be found on the Internet. Plaintiff never received a response to this request or the return of this request.

49. On December 20, 2021, Plaintiff wrote Islamic Chaplain Fadeyaw a request stating: "I need the Address of Muhammad Speaks Newspaper. This is my Second Request."

50. On December 20, 2021, when Plaintiff returned to his cell from the Law Library, there was a bunch of inmates playing musical instruments, playing and Christian Christmas songs on Plaintiff's cellblock. The Plaintiff was forced to be a part of this religious and there was an inmate reading the Bible also.

51. On December 20, 2021, Plaintiff was sitting in his cell about 4:00PM when the officer working the cellblock opened the door to Plaintiff's cell and informed Plaintiff that the Chaplain wanted to see Plaintiff. Once Plaintiff got to 1-Building an inmate came out and told Plaintiff to come in the Chaplain's office. Once Plaintiff was in the office, Chaplain

51. Tade was handed Plaintiff the Request Plaintiff had sent him that date Requesting the address with Muhammad Speaks Newspaper That was Black, then tried to take Plaintiff in Another office to talk Plaintiff out of wanting this address. Plaintiff left the office stating "Please don't call me up here unless its a Family Emergency. We have nothing to talk About."

52. On February 14, 2022, Plaintiff write Chaplain Redwine stating: "This is the second time I've written You About inmates coming on G-Pod on 2/9/22 singing Christian songs. This is a violation of My Constitutional Right to FREELY Express My Religious Beliefs By Making Me Participate in Christian worship. This is a Violation of the Establishment Clause Because it shows You ARE Endorsing one Religion over Another And of Religious Land Use of Institutionalized Person Act. Please Allow Me to leave My cell when You decide to Allow these inmates to exert Authority over other inmates. This is AN ATTEMPT to informally Resolve Griev-Ance #20226680."

53. On February 16, 2021, Plaintiff was informed that Plaintiff was wanted a 1-Building. When Plaintiff Got to 1-Building, An inmate came out and told Plaintiff that the Chaplain wanted Plaintiff wanted. Plaintiff thinking there was A Family Emergency or death in the Plaintiffs Family, went in the office. Chaplain Tade was

53. WAS on the Phone and kept Plaintiff standing in the hall about Fifteen (15) Minutes. Chaplain Redwine then came out of the office Working the Plaintiff's Request as if it was something offensive, informing Plaintiff that he had called him to the office about Plaintiff's Request. Plaintiff Became Angry Because Plaintiff thought there was a Family Emergency or death in Plaintiff's Family. Plaintiff then walked out the office.

54. On February 17, 2021, Plaintiff wrote Chaplain Redwine stating: " I am a Muslim And a Registered Member of The Lost-Found Nation of Islam, Inc under The direction of The Honorable Wilian Muhammad. DO NOT CALL ME TO YOUR OFFICE Unless There is An Emergency Death in My family. You or None of Your Subordinates have Anything to Say to ME that I want to hear. Keep those Christian inmates off of the singing Christian songs without notifying Me First so I can leave And Not Be A Part of Your Religious Service."

55. A day or two later, Plaintiff was stopped in the hall By Major Bruns Keitonia who informed Plaintiff there nothing he could do about the inmates singing on the Cell Block singing Christian songs And Reading the Bible Because TDCJ supported them doing this.

56. On February 23, 2022, Plaintiff Received the Request to Chaplain Redwine dated 2/14/22 stating:

21

56. "The Chaplain office invited you offender Thompson, Lawrence #408167 on 2/16/22 to informally resolve your concern that you raised on this I-60. You showed up at Chaplain office but refused and angrily walked off after showing you this I-60 as reason for your invitation. This clearly shows your non co-operative attitude to resolve your concern. Thanks" Signed by CH. Fadeyan dated 2/23/22.

57. On February 23, 2022, Plaintiff received the request Plaintiff sent to Chaplain Redwine on 2/17/22 stating: "Request Acknowledged". Signed by CH Fadeyan dated 2/23/22.

58. Plaintiff did not request to be accumulated or allowed to celebrate Ramadan in December 2022 because Plaintiff did not want to lose the inassociation of the person that changed Plaintiff's religious preference on Plaintiff's current travel card.

59. Plaintiff alleges that the named in this action have denied Plaintiff the right to freely exercise his chosen religious beliefs by:

A. Intentionally and deliberately changed Plaintiff's religious preference in retaliation for Plaintiff contacting the PREA Ombudsman office while on the Holliday Unit; to keep from transferring Plain-

59. A. tiff to the Coffee Unit where other Members of Plaintiff's Religious Sect are Assigned; Failing to Change Plaintiff's Religious Preference After Being Notified Plaintiff did not Request or Authorize the Change June 4, 2021, And After Reading the Opinion in Thunderbird v. Johnson, 995 F.2d 221, 1993 U.S. App. LEXIS 15745 (5th Cir. Tex. 1993); denied Plaintiff the Right to Accommodation to Celebrate Ramadan in December.

B. That the named individuals have violated Plaintiff's Constitutional Rights under the First Amendment's Free Exercise Clause And the Religious Land Use And Institutionalized Persons Act.

C. That the Plaintiff's Rights under the Establishment Clause have been violated By TDCJ Transferring Jewish inmates to other Units where other Jewish inmates are And housed together But not inmates in the Lost-Found Nation of Islam under the direction of The Honorable Silis Muhammad.

D. That TDCJ violated Plaintiff's constitutional Rights By not Allowing Members of the Lost-Found Nation of Islam to All Be Assigned to the same unit in An Attempt to deny these inmates a separate services, in An Attempt to Force or Coerce Members of The Lost-Found Nation of Islam to Participate in Orthodox Islamic services.

60. The violations of Plaintiff's and those similarly situated in TDCJ are so numerous Plaintiff requested this court hear these new violations and the violations of the courts order in a contempt proceeding.

61. It is important that this court address the issues raised by Plaintiff because during Duran Elam #380190 brought the teachings of the Honorable Elijah Muhammad as interpreted by the Honorable Silis Muhammad to TDCJ. Not being allowed to correspond with Mr. Elam, it is very important Plaintiff is assigned to the same unit as Mr. Elam as Mr. Elam directly corresponds with, or through an intermediary obtains what members of the Lost-found Nation of Islam under the direction of the Honorable Silis Muhammad should be studying in the Holy Quran and the Holy Bible.

Wherefore, premises considered, Plaintiff prays that this court will schedule this motion for a hearing, and enter a judgment of contempt.

Respectfully submitted,

L.E. Thompson

Lawrence Edward Thompson
TDCJ #485167, Allred Unit
2101 F.M. 369 N.
Iowa Park, Texas 76367

23

I declare under penalty of perjury that the foregoing is true and correct.

L.C. Thompson

---

[1] See, Williams v Lane, 851 F.2d 867 (7th Cir. 1988).

In The United States District Court
For The Western District Of Texas
Waco Division

Lawrence Edward Thompson,
                Plaintiff,

V.                                    Civil Action No. 6:92-cv-047

Emmett Solomon, Vance L Denny,
Gary L. Redwine, and Ademilan A.
Fademan,
                Defendants.


        I am an inmate confined in an institution. Today, February,
2023, I am depositing the Motion For Finding of Contempt, in this
case in the institution's internal Mail system. First-class Postage
is Being Prepaid Either By me or By the institution on My Behalf.


        I declare under Penalty of Perjury That the Foregoing is
True and correct.

                                L.E. Thompson
                        Signed on: February 10, 2023

Philip J. Devlin, Clerk
U.S. District Court
800 Franklin Ave, Rm 380
Waco, Texas 76701

RE: Thompson v. Solomon, Civil Action No. 6:92-cv-047

Dear Sir/Madam:
        Enclosed Please Find The original of Motion For Find-
ing of Contempt For Filing in this action. Please Bring
this document to the Court's attention immediately.

Sincerely,

L. E. Thompson

L. E. Thompson - #408167

MR. LAWRENCE L. MOUNTON - 408167
AIRPORT UNIT 19X-52
2101 FM. 369N
LONN PARK, TEXAS 76361

Philip J Devlin, Clerk
U.S. District Court
800 Franklin Ave Rm 380
Waco, Texas 76701

RECEIVED

FEB 16 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK